UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNITA EMERSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TOYOTA MOTOR NORTH AMERICA, INC., et al.,<br><br>　　　　Defendants. | Case No. 14-cv-02842-JST<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Re: ECF No. 21 |

　　Before the Court is a Motion to Transfer Venue filed by the Defendants, Toyota Motor North American, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively, "Toyota"). ECF No. 21. Plaintiff Annita Emerson opposes the motion. For the reasons set forth below, the Court will GRANT the motion.

**I.　BACKGROUND**

　　In this putative class action, Plaintiff Emerson alleges that certain Highlander vehicles designed, marketed, and sold by Toyota possess defective power lift gates. ECF No. 1 at ¶ 1. Plaintiff is, and was at all relevant times to this matter, a resident of San Ramon, California. ECF No. 24 at 3. In March 2013, the power lift gate on Plaintiff's Toyota Highlander failed at her home in San Ramon. Id. Plaintiff had her vehicle serviced at a Toyota certified repair center in San Ramon. Id. Toyota refused to pay for repairs and would not accept Plaintiff's warranty claim, and Plaintiff paid about $4,700 out of pocket to fix her car. Id.

　　Plaintiff filed her complaint in the Central District of California on June 12, 2014. ECF No. 21 at 2. The complaint stated that the Central District of California was a proper venue because it is the location of Toyota's headquarters, and is where the operative facts occurred. Id.

1  The Central District assigned District Judge John F. Walter to Plaintiff's case, but on June 13, 2014, Plaintiff voluntarily dismissed the action. ECF No. 21 at 1. On June 19, 2014, Plaintiff re-filed her action in the Northern District. ECF No. 1. Plaintiff amended the complaint to reflect the change in venue. ECF No. 21 at 2.

On September 12, 2014, Defendants filed this motion to transfer venue, claiming that Plaintiff's voluntary dismissal of the Central District action and subsequent re-filing in the Northern District constituted improper judge-shopping, warranting transfer. Toyota also asserts that the convenience of parties and witnesses also weighs in favor of transfer. Plaintiff opposes the motion, contending that her choice of forum should be afforded substantial weight. ECF No. 24 at 2.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quotation omitted). It places "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376 U.S. at 622).

Courts considering transfer must engage in a two-step analysis. First, courts determine whether the action could have been brought in the target district. Hoffman v. Blaski, 363 U.S. 335, 344 (1960). Second, courts undertake an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dussen, 376 U.S. at 622). Factors the Court should consider in analyzing the interests of justice include: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." Williams v. Bowman, 157 F.

1 Supp. 2d 1103, 1106 (N.D. Cal. 2001). The moving party bears the burden of establishing the
2 factors in favor of transfer. Id.

### III. DISCUSSION

#### A. Venue in the Target District

Both parties agree that venue in the target district of the Central District of California would be proper under § 1404(a), as it is a venue in which this action could have been brought. Plaintiff could not very well contest this point now, as she previously filed a nearly-identical complaint in the Central District, stating that "[v]enue is proper in the Central District of California . . . because a substantial part of the events, acts and omissions giving rise to these claims occurred in the Central District of California, where Defendants are headquartered." ECF No. 21-4 at ¶ 7. Thus, Plaintiff's Opposition acknowledges that "venue is proper in both the Central and Northern District of California." ECF No. 24 at 4.

#### B. Transfer in the Interests of Justice

Plaintiff asserts, however, that considerations of convenience and fairness militate in favor of the case remaining in the Northern District. Plaintiff notes that the law generally affords some weight to a Plaintiff's choice of venue. ECF No. 24 at 6. Plaintiff is a resident of the Northern District, where many of the operative facts occurred, and argues that this also presents good reason for the case to remain in this forum. ECF No. 24 at 6-10. Plaintiff notes that the pendency before this Court of a related case, Rivera v. Toyota Motor Company, No. 3:14-cv-04052-JST, also supports denying Toyota's transfer motion, as the two cases could be consolidated if they both remain in the Northern District.

It is true that the feasibility of consolidation weighs in favor of this District, as the Rivera case presents very similar allegations and was recently related by this Court. ECF No. 24 at 11; ECF No. 23. The Court also acknowledges Plaintiff's other arguments regarding the relative convenience of the Northern District, although it finds they carry less weight than Plaintiff urges. First, less deference is generally accorded to a plaintiff's choice of forum in cases where a plaintiff is representing a class. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). The degree of deference this Court should afford to Plaintiff's choice of forum is further compromised in this

case, where Plaintiff previously filed the very same action in another District. And while Plaintiff's residence in the Northern District might render this District more convenient for obtaining evidence and testimony regarding her particular vehicle's defect, Toyota is located in Southern California, rendering that District more convenient for obtaining evidence and testimony regarding Toyota product design and manufacturing decisions which bear on the entire class and not just the named Plaintiff.

Several of the other factors are neutral between the forums. Both forums are familiar with the applicable law. Neither forum has a greater local interest in resolving the controversy. See Lax v. Toyota Motor Corp., No. 14-CV-01490-WHO, 2014 WL 3973482, at *6 (N.D. Cal. Aug. 14, 2014) (concluding, in a different putative class action against Toyota that "[t]here is no significant local interest in the controversy *as between* the Central and Northern Districts. That [Toyota headquarters] is located in the Central District does not mean that the Central District has a significant or unique interest over the Northern District in resolving the nationwide claims at issue in this case. This factor is neutral.") Although Defendants argue that the Northern District is slightly more congested than the Central District, both forums are quite busy and would offer the parties similar trial schedules. Id. (concluding the differences in congestion between the Northern District and the Central District "are not so significant or stark that they should weigh on transfer at this time.").

Apart from the existence of the related case, the Northern District and Central District therefore appear to be equally convenient forums. Plaintiff points to Lax, another class action brought against Toyota in this District, wherein Toyota also sought to transfer the litigation to the Central District of California. Id. at *2. The District Judge in Lax acknowledged that the location of Toyota's headquarters made Central District a forum where the action could have been brought, but concluded that defendants had "not demonstrated that balance of convenience and interests of justice factors clearly favor transfer" out of plaintiff's preferred venue. Id. at *6.

It is true that here, as in Lax, many of the convenience factors are neutral and there is the possibility of consolidation in this District with a case involving almost identical factual allegations. But the Court finds that a factor not present in Lax compels a transfer in this case: the

4

1  complaint in this case was first filed in the District to which Toyota presently seeks to transfer the
2  litigation.  Plaintiff initially filed the complaint in the Central District on June 12, 2014, and then
3  dismissed the complaint voluntarily the following day, after the District Judge had been assigned.
4  Toyota argues that this course of conduct by Plaintiff raises the specter of judge-shopping and
5  compels transfer to the Central District in the interests of justice.

6  Plaintiff offers by way of explanation of the dismissal and re-filing only that the previous
7  complaint "was mistakenly filed in the Central District when it should have been filed in the
8  Northern District."  ECF No. 24-1.  As an initial matter, the Court finds this contention somewhat
9  implausible, as the complaint filed in the Central District pleaded that "[v]enue is proper in the
10 Central District of California pursuant to 28 U.S.C. § 1391(a) and (b) because a substantial part of
11 the events, acts and omissions giving rise to these claims occurred in the Central District of
12 California, where Defendants are headquartered."  ECF No. 21-4 at ¶7.  The inclusion of this
13 language indicates that Plaintiff's counsel at one point intended to file in the Central District,
14 drafted language in support of that venue choice, and then filed a copy of the complaint including
15 that language in the Central District.  All this would seem to undermine the claim that the
16 complaint was filed in the Central District "mistakenly," whatever that might mean.  Furthermore,
17 Plaintiff's counsel has declined to explain in their briefing exactly how such a mistake could have
18 occurred, intimating only that counsel "would be willing to provide additional detail concerning
19 this mistake *in camera*, but such detail should be kept confidential because it constitutes
20 information protected by the attorney-client privilege."  ECF No. 24-1 at ¶6.

21 The Court declines to accept this invitation, as it agrees with Toyota that Plaintiff's
22 conduct suggests that Plaintiff may have filed in this District believing they would receive a more
23 favorable judicial assignment than the one they had just received in the Central District.  The
24 Court cannot conceive of another reason why Plaintiff would dismiss the Central District action
25 following the judicial assignment and then immediately re-file the complaint in this District, and
26 Plaintiff has not provided one in its briefing.[1]  Judge shopping is "a practice that abuses the

---

[1] Plaintiff points the Court to a recent order by another judge in this District denying transfer in Stez v. J. Heinz Co., No. C 14-1871 PJH, 2014 WL 5020573 (N.D. Cal. Oct. 7, 2014).  There,

1  integrity of the judicial system by impairing public confidence in the impartiality of judges."
2  Keilholtz v. Superior Fireplace Co., No. C 08-00836 SI, 2008 WL 5411497, at *2 (N.D. Cal. Dec.
3  29, 2008).  If this Court were to resolve this motion against Toyota based upon the consideration
4  of evidence outside of Toyota's ability to review or dispute, that would only exacerbate the
5  appearance of impropriety Plaintiff has injected into this litigation by dismissing the Central
6  District complaint and then re-filing a nearly-identical complaint in this District.

In sum, although many of the factors that courts apply when considering a motion to transfer under § 1404(a) are neutral in this case, the Court is troubled by the appearance of judge-shopping arising from Plaintiff's voluntary dismissal of the Central District action and immediate re-filing in the Northern District.  The Court will accordingly transfer this action back to the Central District, where the complaint was originally filed.

### IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to transfer venue is GRANTED.

**IT IS SO ORDERED.**

Dated: December 9, 2014

_____
JON S. TIGAR
United States District Judge

---

"three different plaintiffs had filed proposed class actions in three different districts" stating similar allegations, but all had dismissed their complaints voluntarily after a class complaint was filed in the Northern District.  Defendant filed a motion to transfer the action to the Central District, where one of the three dismissed complaints had initially been brought.  Id. at *1.  The District Judge declined, noting that the convenience factors were neutral between the Districts and that the "plaintiffs are not the same, and the issues are different, as the complaint in this action has now been amended to add claims under Florida law."  Id. at *2.  Although the Defendant had raised an allegation of improper forum shopping, the District Judge did not find that merited transfer.  The circumstances in Stez were less suggestive of judge-shopping.  Stez involved three different initial actions brought by three different plaintiffs in judicial districts across the country.  None of those actions were dismissed immediately following the assignment of a District Judge and then re-filed with a near-identical complaint in another District.

6